IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:17CR3033 |
| vs. | |
| MICHAEL SCOTT SHIRLEY, | **MEMORANDUM AND ORDER** |
| Defendant. | |

Shirley seeks compassionate release. I will deny the motions without prejudice. The probation officer has submitted an excellent investigation report and a supplement. (Filing no. 57; Filing no. 61.)[1]

Shirley has been in trouble since he was 17. He is now 58. He has two federal drug convictions, including this one. Regarding the first federal case, he violated his conditions of supervised release *after* he received a Rule 35(b) sentence reduction and was sent back to prison. Even so, he received a short reprieve. He was given permission to self-surrender to allow him to remain in a residential-treatment placement. Yet, he failed to comply with the program requirements and was arrested.

In addition, "[h]is criminal history began in juvenile court with multiple felony burglary adjudications. He also has several felony convictions as an adult for the offenses of burglary, theft, possession of methamphetamine, and the distribution of cocaine." (Filing no. 57 at CM/ECF p. 1.)

In the instant case, I sentenced Shirley to 135 months in prison and five years of supervised release on October 12, 2017. His criminal history was III, although, as noted above, there is a long list of crimes that could not be counted for criminal-history purposes. According to the probation officer, "His track record on supervision is not

---

[1] I have also carefully reviewed the excellent submissions of counsel. (Filing nos. 68-72.)

very good and includes revocation of his prior federal supervised release and state parole; and unsatisfactory termination of state probation sentences." (Filing no. 57 at CM/ECF p. 1.)

He presently resides at the Federal Medical Center at Rochester. As of July 28, 2020, there were no COVID-positive inmates or staff. He is well cared for despite his significant health issues that I will discuss momentarily. He is set to be released on November 25, 2026.

According to the probation officer, and among other ailments,[2]

> Mr. Shirley was diagnosed with chronic obstructive pulmonary disease (COPD), a progressive illness of the respiratory system, in 2005. The medical records obtained from the BOP reflect Mr. Shirley continues with treatment for this respiratory illness. He is currently taking Umeclidinium-Vilanterol and Albuterol Sulfate for his COPD.
>
> According to BOP medical records, Mr. Shirley has also been diagnosed with anemia, GERD, osteoporosis, and vitamin D deficiency. He is taking Calcium Carbonate for his osteoporosis and Cyanocobalamin for anemia. He also previously received treatment for Hepatitis C.

(Filing no. 57 at CM/ECF p. 2.)

In my view, Shirley is unusually susceptible to COVID-19 due to his age and his many ailments. I do not take those things lightly.

According to BOP records, Shirley has completed several adult continuing-education courses. And, to his credit, he does not have a disciplinary record in the BOP during this incarceration.

---

[2] See the 273 pages of Shirley's medical records at Filing no. 55. Those medical records also detail such things as bilateral hip pain and Necrosis Avascular Bone (death of bone tissue).

2

As shown by the probation officer's thorough investigation, Shirley's release plan is at best marginal. The first two places where he proposed to reside were not viable. So far as I can tell, that is not disputed. His third proposed placement with his brother is not optimal either. The brother, Robert, would take Shirley in out of the goodness of his heart. By all accounts, the brother is an upstanding citizen.

Yet, Robert, the brother, frankly told the probation officer that the relationship between the two is "not very close because of the age difference (Robert is 10 years older tha[n] Michael[3]), distance from where each lived from another (approximately 2.5 hours), and Michael's prior incarceration and drug using lifestyle." (Filing no. 61 at CM/ECF p. 1.) "Robert explained it simply; he did not approve of Michael's lifestyle and did not associate with him." (*Id.*)

Shirley could live with his brother without having to pay even though Robert subsists on social security payments. The brother would be willing to help Shirley get to medical appointments despite the relatively long driving distances.

The small home where the brother would allow Shirley to reside with him is adequate. It is remote and rural, being approximately 35 miles from hospitals in either North Platte, Nebraska, or McCook, Nebraska. Given the rural nature of the proposed placement, it would be difficult, but not impossible, for the probation office to adequately supervise Shirley, such as by doing home visits and seeing to drug testing.

More than 30 days have elapsed since Shirley requested compassionate release and the Warden, through a staff member, advised Shirley that: "Due to the massive influx of requests received over the past month response time is delayed. You can take your request to your court if you would like [as] you have not received a timely response." (Filing no. 51 at CM/ECF p. 3.) Like Judge Rossiter from the District of Nebraska, I follow Nebraska Chief Judge John Gerrard's opinion in *United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *1-2 (D. Neb. May 26, 2020) (rejecting the government's argument that an inmate must administratively appeal a denial of relief from the warden before seeking judicial review). *United States v. Starkey*, No. 8:17CR242, 2020 WL 3868842, at *1 (D. Neb. July 9, 2020). In short,

---

[3] Robert is approximately 68 years of age.

3

Shirley has exhausted that which is required by the statute.

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), a defendant may (after exhausting his administrative remedies) move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." After considering the factors enumerated in 18 U.S.C. § 3553(a), I may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* And pursuant to U.S.S.G. § 1B1.13(2), the court must also find that the defendant is not a danger to the safety of any other person or to the community.

I find and conclude that Shirley has failed to justify a compassionate release. "Extraordinary and compelling" reasons are not present, and to the extent they are, they do not warrant a reduction of his prison sentence when balanced against the nature of the offense, Shirley's miserable criminal history, and the relative safety of Shirley at his present place of confinement. To reduce his sentence now would in my view undermine the seriousness of the offense regarding Shirley's specific conduct and more generally undermine the notion of general deterrence. Moreover, I have no confidence that Shirley would abstain from using and selling illicit drugs. Thus, and despite his good adjustment in prison, Shirley presently poses a real risk to offend once again by dealing dope should I order compassionate release.

IT IS ORDERED that the motions for compassionate release (Filing no. 49; Filing no. 51; Filing no. 70) are denied without prejudice. The various motions to restrict are granted.

July 29, 2020.                                            BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge